# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEMARCO HAMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 19-cv-1172-MMM |
| | ) | |
| DR. OSMUNDSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

    Plaintiff, a former prisoner, filed a *pro se* complaint under § 1983 after having been released from custody. Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") on his deliberate indifference and conditions of confinement claims which arose at the Illinois River Correctional Center ("IRCC"). Plaintiff's petition to proceed IFP is reviewed under 28 U.S.C. §1915 (a)(1), rather than § 1915 (a)(2), which applies only to incarcerated persons. Section 1915 (a)(1) "is designed to ensure indigent litigants meaningful access to the federal courts." *Christophel v. Brandl,* No. 08-755, 2008 WL 5429658, at *1 (E.D. Wis. Dec. 31, 2008) citing *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). Before allowing a litigant to proceed *in forma pauperis,* the court must determine whether the litigant is able to pay the costs of commencing the action. The court must deny an IFP request if: (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. §1915(e)(2).

    Plaintiff has filed a petition for leave to proceed IFP[ ECF 3] and an updated petition [ECF 4]. In the updated petition, Plaintiff avers under oath that he has no job, that he lives with his aunt, and that his total income if $191.00 per month in public assistance. As it appears that the allegations of poverty are true, the Court now reviews the complaint to determine whether the

action is frivolous, fails to state a claim or seeks monetary relief against a defendant immune from suit.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**FACTS**

On February 11, 2019, Plaintiff began experiencing significant abdominal pain which he attributes to a kidney stone. He was seen by Defendant Nurse Hanun who admitted him to the prison infirmary. Defendant Hanun also gave Plaintiff an injection of Narco, a narcotic pain medication, which provided some relief. When the pain later worsened, Defendant Hanun administered another injection. Plaintiff appears to have done better after this and, on the following day, February 12, 2019, was discharged by Defendant Dr. Osmundson.

On the day following his discharge, February 13, 2019, Plaintiff's pain returned worse than before. He returned to the infirmary where Defendant Hanun gave him another shot of pain medication, presumably Norco. Defendant explained that there was a shortage of beds and Defendant Officer Pow provided Plaintiff with a mattress and sheets on the floor. Plaintiff claims, however, that he saw an unused bed in the hallway and, when he asked to use it, Defendant Pow refused.

Plaintiff claims that he continued to experience pain that night and the infirmary was very cold. He asked Defendant Nurse Robinson for something other than Norco and she told him there was nothing she could do. Plaintiff complained to Defendant Officer Flutter that it was only 16 degrees outside, asking him to turn up the heat. Defendant Flutter told Plaintiff he was unable to do so. Plaintiff does not reveal whether he asked staff for blankets, indicating only that he asked that the heat be turned up. Plaintiff also complains of cold the following night, indicating that he continued to sleep on the floor and that it was only 9 degrees outside. He offers nothing, however, to establish the indoor temperature on either night.

The following morning, Defendant Nurse Robinson administered him six pills instead of the two Norco pills he was expecting. Within 20 minutes, Plaintiff began experiencing whole-body tingling, dizziness, and trouble breathing. He pushed the emergency button which apparently did not work, as it made no audible sound. Plaintiff was unable to summon Defendant Robinson and had to wait until another nurse appeared at change of shift.

When Defendant Nurse Power came on duty, Plaintiff told her of the symptoms he had experienced after receiving the unidentified medications from Defendant Robinson. Defendant Power checked Plaintiff's chart and apparently concluded that he had been given medication intended for another patient. Defendant Power returned with Defendant Miller, a Nurse Practitioner. Defendant Miller apologized for the error and ordered that Plaintiff undergo bloodwork. Plaintiff requested pain medication which Defendant Miller refused, pending the results of the work-up. He also asked Defendant Power for pain medication and she, too, refused until the blood results came back.

Plaintiff alleges that over the course of several days, he complained of the cold to Defendants Miller, Smith, Robinson, Power, Armstrong, Hanun, Pow and Flutter, to no avail.

3

He also asserts an unrelated claim that on February 15, 2019, he requested cold medication from Defendant Nurse Armstrong. Plaintiff claims that, despite the request, he did not receive the cold medication until February 17, 2019, two days later.

**ANALYSIS**

"The Eighth Amendment safeguards the prisoner against a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)(internal quotations and footnote omitted). "Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs." *Id*. (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008).

As to Defendant Osmundson, Plaintiff pleads only that the physician discharged him from the infirmary on February 12, 2019, after his abdominal pain had subsided. This fails to plead deliberate indifference and Defendant Osmundson is dismissed. *See Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir. 2006) (doctor only liable if he knows of a significant risk to plaintiff and consciously disregards it).

Plaintiff's claim that the remaining Defendants refused to turn up the heat as he asked, also fails to state a claim. While Defendants are potentially liable for subjecting Plaintiff to adverse conditions such as excessive cold, they uniformly advised Plaintiff that they were unable to comply with his request. It might have been that Defendants did not have had the means or authority to change the heat settings. It could be that the heat was regulated facility-wide with no ability to increase the heat in one particular part of the building. *See Jackson v. Duckworth*, 955

F.2d 21, 22 (7th Cir. 1992) (no subjective element of deliberate indifference if defendants unable to do anything about the alleged harm) citing *McGill v. Duckworth*, 944 F.2d 344, 348–49 (7th Cir. 1991) (prison employees not liable for circumstances beyond their control), *rev'd sub nom on other grounds*, *McGill v. Faulkner*, 144 F.R.D. 82 (1992).

The Court notes, further, that Plaintiff pleads only the outdoor temperature, not indicating the extent of the cold or the indoor temperature in the infirmary. *See Isby v. Clark*, No. 91-48, 1997 WL 471833, at *10 (N.D. Ind. June 18, 1997) (dismissing inmates' claims of cold as "sweeping generalities … not based upon any thermometer or thermostat readings had no indicia of reliability.") Defendants did, however, have an obligation to protect Plaintiff from undue cold and could have easily done this by offering him extra blankets. Plaintiff's complaint is silent on this subject and he will be given an opportunity to replead this claim.

Plaintiff's only claim against N.P. Miller is that she would not give him pain medication until the results of the blood work came back. As Plaintiff had been given a number of medications intended for another patient, and Defendant believed blood results were necessary prior to administering a narcotic, this action by Defendant Miller cannot be viewed as exhibiting the "culpable mind" necessary for deliberate indifference. This claim against Defendant Miller is dismissed. The same goes as to the claim regarding Defendant Power's refusal to give Plaintiff pain medication while the blood results were pending.

Plaintiff's claim that Defendant Robinson did not provide him anything other than Norco on the night of February 13, 2019, even though he remained in pain, will proceed. Any claim against her for giving him the wrong medication, however, does not amount to deliberate indifference. Deliberate indifference "is more than negligence and approaches intentional wrongdoing." *Collignon v. Milwaukee Cnty.,* 163 F.3d 982, 988 (7th Cir.1998). Here, Plaintiff

has only pled error on the part of Defendant Robinson. *See Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (negligently inflicted harm does not amount to a constitutional violation).

Plaintiff is advised that state, not federal law, is applied to his medical negligence/ medical malpractice claim, if that is what he is asserting here. *See Fleming v. Livingston Cty., Ill.*, No. 08-CV-1174, 2009 WL 596054, at *2 (C.D. Ill. Mar. 4, 2009). Illinois law requires that a medical malpractice complaint contain an affidavit and written report, known as a "certificate of merit." 735 ILCS 5/2-622(a). Failure to file an affidavit and certificate of merit is cause for dismissal under 735 ILCS 5/2-619. *Chapman v. Chandra*, No. 06-0651, 2007 WL 1655799, at *2 (S.D. Ill. June 5, 2007). "The United States Court of Appeals for the Seventh Circuit has implicitly held that § 2-622 is a substantive law that should apply to medical malpractice claims brought in federal courts." *Id.* at *3.

As Plaintiff has not filed a certificate of merit with his complaint, he may not proceed on a medical negligence at this time. Plaintiff will have 90 days, however, in which to file an affidavit and certificate of merit as well as an amended complaint if he wishes to pursue this claim. If he does not do so within that time, the medical negligence claim will not proceed.

As to Defendant Nurse Hanun, Plaintiff pleads that she gave him pain medication when he was admitted to the infirmary on February 11, 2019 and followed-up when he requested more. He does not allege any deliberate indifference on her part but claims that she, and Defendant Pow, placed him on a mattress on the floor as there were no beds available. While Plaintiff claims that he saw an unoccupied bed in the hallway, he apparently relayed this information only to Defendant Pow who refused to allow him to use it. As Plaintiff apparently did not relay this information to Nurse Hunan, this claim shall proceed only as to Defendant Pow.

Plaintiff's claim that Defendant Armstrong refused to timely provide him cold medication is dismissed for failing to state a constitutional claim. This is so as a common cold is not perceived as a serious medical need. *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996) (refusing to "dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue—the sorts of ailments for which many people who are not in prison do not seek medical attention—does not by its refusal violate the Constitution.")

The claim against Defendant Armstrong is dismissed for the additional reason that it is unrelated to the claims regarding Plaintiff's placement in the infirmary for treatment of the kidney stone. A plaintiff may join several defendants in one suit only if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants. Fed.R.Civ.P. 20(a); *Davis v. Harding*, No. 12-559, 2013 WL 6441027, at *2 (W.D. Wis. Dec. 9, 2013). *See Wilson v. Bruce*, 400 Fed. Appx. 106, 108 (7th Cir. 2010). "Though all are based on events that allegedly took place during [Plaintiff's] detention, the...claims otherwise share no common questions of law or fact." The claim against Defendant Armstrong represents a misjoinder and is dismissed for this reason as well.

This case shall proceed on the deliberate indifference claims against Defendant Robinson and the conditions of confinement claim against Defendant Pow for placing Plaintiff on a mattress on the floor though a bed was allegedly available. Plaintiff will be given an opportunity to replead his conditions of confinement claim regarding the cold temperatures in the infirmary. He will also be given an opportunity to replead a state-law medical malpractice claim against Defendant Robinson for the alleged medication error.

**IT IS THEREFORE ORDERED:**

1) As it appears that the allegations of poverty are true, the Court GRANTS [ECF 4] and finds [ECF 3] MOOT, as superseded. Plaintiff's Motion for Status [5] is also rendered MOOT.

2) This case shall proceed on the deliberate indifference claims against Defendant Robinson and the conditions of confinement claim against Defendant Pow. Plaintiff will be given an opportunity, within 30 days, to replead his conditions of confinement claim against Defendants Miller, Smith, Robinson, Power, Armstrong, Hanun, Pow and Flutter regarding the cold temperatures in the infirmary If Plaintiff files, the pleading is to be captioned Amended Complaint and is to include all of his claims without reference to a prior pleading. If Plaintiff does not file an amended complaint, this case will proceed against Defendants Robinson and Pow. Plaintiff will also be given an opportunity, within 90 days, to amend to plead a state-law claim of medical malpractice against Defendant Robinson for the alleged medication error. Any such amended complaint must include all claims without reference to a prior pleading and must comply with 735 ILCS 5/2-622(a). All other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

3) Defendant Osmundson is DISMISSED. Plaintiff's claim that Defendant Armstrong was deliberately indifferent in not timely providing him cold medication is DISMISSED with prejudice for failure to state a claim.

4) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

5) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

7) Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8) Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

10) Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: 10/7/2019

                                           s/Michael M. Mihm
                                            MICHAEL M. MIHM
                                    UNITED STATES DISTRICT JUDGE