UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMARCO HAMPTON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   No.: 19-cv-1172-MMM |
| | ) |
| NURSE SMITH, et al., | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW – AMENDED COMPLAINT**

Plaintiff, a former prisoner granted leave to proceed *in forma pauperis* ("IFP"), files an amended complaint under § 1983 alleging that he was subjected to deliberate indifference and inhumane conditions of confinement claims while at the Illinois River Correctional Center ("IRCC"). Plaintiff's complaint is reviewed under 28 U.S.C. §1915(e)(2) with the Court to determine whether the action is frivolous, fails to state a claim, or seeks monetary relief against a defendant immune from suit.

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## FACTS

On February 11, 2019, Plaintiff was admitted to the prison infirmary suffering pain from a kidney stone. Defendant Nurse Hunan gave Plaintiff Narco, an oral opioid narcotic pain medication, which provided some relief. When the pain later worsened, Defendant Hanun gave Plaintiff an unidentified injection. Plaintiff's condition admittedly improved and he was discharged by Defendant Dr. Osmundson the following morning.

Plaintiff returned to the infirmary the following day, February 13, 2019, with increased complaints of pain. Defendant Hunan gave Plaintiff another shot and started an IV. She placed him in a medical segregation cell, explaining that there were no available "bed frames" in the infirmary. Plaintiff claims that there was also no bed frame or bed in the segregation cell and that Defendant Officer Pow provided him a mattress and sheets on the floor. Later that evening, Plaintiff was moved back to the infirmary and noticed an unused bed in the hallway. When he asked to use it, Defendant Pow answered that "they couldn't allow it."

Plaintiff was placed on the floor in the infirmary and complains that it was very cold. When he asked Defendant Nurse Robinson about it, she claimed that there was nothing she could do. Plaintiff asked Defendant officer Flutter to turn up the heat, but he replied that he "couldn't." Plaintiff also complained of pain and asked Defendant Nurse Power for something stronger than Norco. She replied that there was nothing she could give him.

Plaintiff also complains of cold the following night, February 14, 2019, indicating that he continued to sleep on the floor and that it was only 9 degrees outside. The next day, Plaintiff was allowed to get his sweater, thermals and sweatpants.

The following morning, February 15, 2019, Defendant Nurse Robinson administered six pills to Plaintiff instead of the two Norco pills he was expecting. When Plaintiff questioned this,

Defendant Robinson told him that the medication had been ordered by Dr. Osmundson. Within 20 minutes of taking the pills, Plaintiff began experiencing whole-body tingling, dizziness, and trouble breathing. He pushed the emergency button which apparently did not work, as it made no audible sound. Plaintiff was unable to summon Defendant Robinson and had to wait until Defendant Power appeared at change of shift.

Plaintiff told Defendant Power of his symptoms, causing Defendant to check Plaintiff's chart. She apparently concluded that he had been given medication intended for another patient and returned with Defendant Miller, a Nurse Practitioner. Defendant Miller apologized for the error and ordered that Plaintiff undergo bloodwork. Plaintiff requested pain medication from Defendants Miller and Power but was told this could not be done until the blood results came back. Plaintiff claims that, sometime later, the kidney stone must have moved because he was in so much pain he was in tears. He again requested pain medication from Defendant Power. At an unidentified point, Plaintiff was given 500 mg acetaminophen and 800 mg of ibuprofen. He claims that neither helped to relieve the pain.

Sometime later, Plaintiff spoke with another inmate, also named Hampton, who was apparently the intended recipient of the medications mistakenly given him. Plaintiff asserts a state law medical malpractice claim against Defendant Robinson for allegedly giving him the wrong medication. Plaintiff encloses a report from a physician as for the Rule 6-22 Certificate of Merit required in cases filed under the Illinois Healing Arts Malpractice statute. 735 ILCS 5/2-622(a).

Plaintiff also attempts to reassert the claim that, for a two-day period starting February 15, 2019, Defendant Armstrong delayed providing him cold medication. This claim was

dismissed in the original merit review order and is, once again, dismissed here for failure to state a constitutional claim.

## ANALYSIS

"Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs." *Id*. (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008). Officials are also potentially liable for subjecting a prisoner to inhumane conditions of confinement, though "extreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society," *Hudson v. McMillian*, 503 U.S. 1, 8-9, (1992).

Plaintiff alleges, generally, that during this time, he complained "constantly" to Defendants Pow, Robinson, Smith, Flutter, Power, Armstrong, Hunan and Miller of the freezing cold and pain which rendered him unable to sleep. Plaintiff, however, was in the infirmary or medical segregation during this entire time and fails to plead what Officers Pow or Flutter could have done regarding the pain. *Johnson v. Doughty,* 433 F.3d 1001, 1011 (7th Cir. 2006). "If a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that this prisoner is in capable hands."

Similarly, Plaintiff fails to plead that medical staff Robinson, Smith, Power, Armstrong, Hunan, or Miller had the ability or authority to change the temperature settings in the facility. The Court had pointed out the deficiency in the original merit review order and Plaintiff merely repeats these allegations here. *McGill v. Duckworth*, 944 F.2d 344, 348–49 (7th Cir. 1991)

(prison employees not liable for circumstances beyond their control), *rev'd sub nom on other grounds*, *McGill v. Faulkner*, 144 F.R.D. 82 (1992).

While Plaintiff alleges "constantly" complaining of pain to Defendant Miller, he has pled only one occasion when he complained to Defendants Miller and she advised that she could not give him pain medication until determining the results of his blood tests. As the Court noted in the original merit review order, this is not enough to establish the culpable state of mind required for deliberate indifference. Plaintiff also summarily claims constantly telling Defendants Robinson and Armstrong that he was in pain but does not plead even one single instance where he did so. *See McIntosh v. Wexford Health Sources, Inc.*, 2017 WL 1067782, at *5 (S.D.Ill. March 21, 2017) ("plaintiff must make allegations that associate specific defendants with specific claims, so the defendants are put on notice of the claims brought against them and so they can properly answer the complaint.")

Plaintiff names Defendant Dr. Osmundson but asserts only that the Defendant discharged him from the infirmary on February 12, 2019, after his pain had subsided. This fails to plead deliberate indifference and Defendant Osmundson is, once again, dismissed. *Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir. 2006) (physician liable only if he knows of a significant risk to plaintiff and consciously disregards it).

Accordingly, this claims shall proceed on the allegations that Nurse Defendants Hunan, Power and Smith were deliberately indifferent to Plaintiff's complaints of pain; that Defendant Officers Pow and Flutter were deliberately indifferent to the cold temperatures to which Plaintiff was exposed; that Defendant Pow was deliberately indifferent in not providing Plaintiff an available bed frame and that Defendant Robinson was medically negligent in giving Plaintiff

medication intended for another. While Plaintiff originally pled a deliberate indifference claim against Defendant Robinson, he did not replead it here and this claim is DISMISSED.

The deliberate indifference claims asserted against Defendants Armstrong, Pow, and Flutter regarding Plaintiff's complaints of pain are DISMISSED. The deliberate indifference claims regarding the cold temperatures are DISMISSED as to medical Defendants Robinson, Smith, Power, Armstrong, Hunan and Miller, but will proceed as to Defendant Officers Pow and Flutter. Defendants Osmundson, Miller and Armstrong are DISMISSED as there are no remaining claims against them.

**IT IS THEREFORE ORDERED:**

1)   This case shall proceed on the medical deliberate indifference claims against Defendants Hunan, Power and Smith; the inhumane conditions of confinement claims against Defendants Pow and Flutter and the state law medical malpractice claim against Defendant Robinson. All other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Osmundson, Miller and Armstrong are DISMISSED.

2)   The Clerk is directed to send to each Defendant who has not previously been served: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order, pursuant to this District's internal procedures.

3)   If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall

provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4)	Defendants shall file an answer within the prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

5)	Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6)	Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel.  Instead,  the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7)	Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

8)	Plaintiff shall immediately notice the Court of any change in mailing address or phone number.  The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED:  5/20/2020

    s/Michael M. Mihm
    MICHAEL M. MIHM
    UNITED STATES DISTRICT JUDGE